IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. ALI ESLAMI,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant.<br>_____/ | No. C 14-0328 CW<br><br>ORDER DENYING MOTION TO DISMISS; DENYING MOTION TO SEAL (Docket Nos. 10, 11) |

    Plaintiff Ali Eslami, proceeding <u>pro se</u>, brought this action against Defendant United States of America, to obtain a refund for overpayment of his 2007 federal income taxes.[1] Defendant moves to dismiss Plaintiff's first amended complaint (1AC) for lack of subject matter jurisdiction. Plaintiff opposes the motion and moves to seal certain information in his original complaint. Defendant opposes the motion to seal. The Court took both motions under submission without oral argument and, after considering the parties' papers, denies both motions.

BACKGROUND

    Plaintiff alleges that he filed his 2007 federal income tax return by mail on September 21, 2009. 1AC ¶ 5a. One week later, on September 28, he received a notice from the Internal Revenue Service (IRS) stating that it had not received his 2007 tax return

---

[1] Although Plaintiff originally named the Commissioner of Internal Revenue as the defendant, the Internal Revenue Code provides that claims for tax refunds are properly brought against the United States, not the Commissioner. 26 U.S.C. § 7422(f). Accordingly, the United States will be substituted for the Commissioner as the defendant in this action.

and that he must file the return immediately. Id., Ex. 3, Sept. 2009 CP-516 Notice, at 1.  Plaintiff claims that he contacted the IRS the following week to inform the agency that he had already filed his 2007 income tax return.  An IRS representative allegedly responded by telling Plaintiff that his return might not have been entered into the agency's system yet because it had been filed so recently but that he should assume that the return had been filed unless the agency sent him another notice about the matter in the next few weeks.  Id. ¶ 5c.

According to the 1AC, Plaintiff did not receive another notice about his 2007 tax return until June 6, 2011 -- nearly two years after the IRS representative allegedly advised him to assume that his return had been filed.  Id. ¶ 5f.  Plaintiff then filed a copy of his 2007 return in person at the IRS's Oakland office on August 5, 2011.  Id., Ex. 7, Aug. 2011 Tax Return, at 1. Plaintiff also filed a request for a $6,228.07 refund on his 2007 federal income taxes, which the IRS denied in October 2011.  In its notice denying the request, the agency explained that, although Plaintiff was "due a refund of $6,228.07," it could not issue the refund because the "statute of limitations for issuing a refund in [Plaintiff's] case ha[d] expired." Id., Ex. 8, Oct. 2011 CP24 Notice, at 1.

Plaintiff appealed the denial of his refund request in February 2012 and the agency denied his appeal in April 2013. Plaintiff then filed the instant action in January 2014.  In his 1AC, he seeks a refund of $6,192 for overpayment on his 2007 income taxes.

DICSUSSION

I.   Motion to Dismiss

   A.   Legal Standard

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

   B.   Analysis

Federal district courts have original jurisdiction over any civil action filed by a taxpayer "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C.

3

§ 1346(a)(1); see also United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008) ("A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims.").  Before bringing such an action, however, the taxpayer must first file a claim for refund with the IRS that satisfies the requirements of Internal Revenue Code §§ 6511(a) and 6511(b)(2).  Clintwood Elkhorn, 553 U.S. at 5.  In this case, Defendant contends that Plaintiff's refund claim does not satisfy § 6511(b)(2)(A).

Section 6511(b)(2)(A) "imposes a ceiling on the amount of credit or refund to which a taxpayer is entitled as compensation for an overpayment of tax."  Baral v. United States, 528 U.S. 431, 432 (2000).  Specifically, it provides that the amount of any refund "shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return."  26 U.S.C. § 6511(b)(2)(A).  The Ninth Circuit has held that this provision is jurisdictional in nature.  Zeier v. IRS, 80 F.3d 1360, 1364 (9th Cir. 1996).  Thus, if a taxpayer files an action to recover a tax refund but did not make any payments toward the relevant tax during the period set forth in § 6511(b)(2)(A), the court lacks jurisdiction over the claim.

To establish that the Court lacks jurisdiction over Plaintiff's refund claim under § 6511(b)(2)(A), Defendant must demonstrate (1) that Plaintiff actually paid his 2007 taxes and (2) that he did so more than three years before he filed his 2007

4

tax return. As explained below, Defendant has made the first of showing but not the second.

### 1. Date of Plaintiff's 2007 Tax Payment

The undisputed evidence shows that Plaintiff's 2007 taxes were deemed paid in April 2008. Plaintiff's 2007 tax returns -- both the version he filed in August 2011 and the version he claims to have filed in September 2009 -- make clear that he sought to pay his 2007 taxes using a credit balance that remained from estimated payments which he had previously made toward his 2006 taxes. Under Internal Revenue Code § 6513(b)(2), these payments are "deemed to have been paid on the last day prescribed for filing the return . . . for such taxable year (determined without regard to any extension of time for filing such return)." The last day prescribed for individuals to file their 2007 federal income tax returns was April 15, 2008. 26 U.S.C. § 6072. Thus, regardless of when Plaintiff actually filed his return, his 2007 taxes would have been deemed paid in April 2008. See Baral, 528 U.S. at 439 (holding that "the date of payment is determined according to the provisions of § 6513, which, as noted, plainly set a deemed date of payment for remittances of withholding and estimated income tax on the April 15 following the relevant taxable year," even in cases where the return itself is filed well after that date (citations omitted)).

### 2. Date of Plaintiff's 2007 Tax Return Filing

As noted above, Plaintiff asserts that he filed his 2007 federal tax return on September 21, 2009. Eslami Decl. ¶ 6. Although he has not provided a registered mail receipt showing that he mailed the return on that date, he has submitted other

5

extrinsic evidence to support his assertion.  In particular, he has submitted a copy of his 2007 state tax return, which he filed in person with the Franchise Tax Board on September 21, 2009. Eslami Decl. ¶¶ 3-5; 1AC, Ex. 1, 2007 Cal. Tax Return, at 1-2. Plaintiff asserts that he filed a copy of his completed 2007 federal tax return with his state return and has submitted a copy of his 2007 federal return that bears a signature date of September 21, 2009.  Id., Ex. 2, 2007 Cal. Tax Return Attachment, at 2.  Plaintiff also notes that the IRS stopped sending him notices about his 2007 return after September 2009 -- shortly after he claims to have filed that return -- despite sending him monthly notices directing him to file the return in July, August, and September 2009.  See Newman Decl., Ex. A,[2] IRS Account Tr., at 2 (documenting how the IRS issued notices to Plaintiff in July 2009 and August 2009); 1AC, Ex. 3, Sept. 2009 CP-516 Notice, at 1. Although the IRS eventually sent him another notice about his 2007 tax return in June 2011, the length and timing of the delay between that notice and the prior notices about the 2007 return provides further circumstantial support for Plaintiff's claim that he filed his 2007 return in September 2009.  Taken together, Plaintiff's evidence is sufficient to support jurisdiction under § 6511(b)(2)(A) at this stage.[3]

---

[2] Defendant's counsel refers to this document as Exhibit A in his declaration but mistakenly labeled the document as "Exhibit B."

[3] The Court does not rely on Plaintiff's alleged communications with an IRS representative in October 2009 because he has not presented any sworn evidence that those communications occurred.  Although he refers to those communications in his complaint and his opposition brief, he does not refer to them in his declaration.  Because the Court does not rely on those alleged communications here, Defendant's arguments regarding the relevance of these communications are moot.

6

Defendant contends that this evidence is not sufficient to support a September 2009 filing date. It cites Internal Revenue Code § 7502, which codifies the common law "mailbox rule" by "allow[ing] a taxpayer to prove timely filing on the basis of timely mailing notwithstanding the date of physical delivery of the tax return to the IRS." Anderson v. United States, 966 F.2d 487, 490 (9th Cir. 1992). That provision enables a taxpayer to establish a prima facie case of timely filing by presenting a receipt of certified or registered mail postmarked on or before the applicable deadline. See, e.g., 26 U.S.C. § 7502(c)(1) (providing that, for tax returns submitted by registered mail, "registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed"). The provision does not, however, preclude Plaintiff from relying on other evidence to establish the date of filing. In fact, the Ninth Circuit has expressly held, "Neither the language of [§ 7502] nor Ninth Circuit precedent bars admission of extrinsic evidence to prove timely delivery" of a tax return for the purposes of § 6511. Anderson, 966 F.2d at 491. In Anderson, the court affirmed a district court's order relying on an attorney's testimony that she saw a postal clerk postmark her client's tax return. The Ninth Circuit held that the attorney's testimony "provided direct proof of a timely postmark because she actually saw the postal clerk stamp her document." Id. Although Plaintiff has not provided a declaration asserting that he witnessed a postal clerk postmark his 2007 tax return, he has provided other extrinsic evidence -- the authenticity of which Defendant has not disputed -- to support

7

his claim that he mailed the return in September 2009. Furthermore, Plaintiff may be able to provide further factual details about when, where, and how he mailed his return to the IRS. Accordingly, because the date when Plaintiff filed his tax return remains in dispute, Plaintiff's refund claim should not be dismissed for lack of subject matter jurisdiction.

Defendant's reliance on Sorrentino v. IRS, 383 F.3d 1187 (10th Cir. 2004), is misplaced for several reasons. First, Sorrentino is inapposite because it addressed a situation where the taxpayers' only evidence of timely filing consisted of self-serving declarations. Id. at 1191 (stating that "[s]elf-serving declarations of mailing, without more, are insufficient to invoke [a] presumption" that a tax return was received (emphasis added)). Here, in contrast, Plaintiff has provided other circumstantial evidence, discussed above, to support his claim that he mailed his tax return in September 2009. Second, the Sorrentino court decided the jurisdictional question at the summary judgment stage, rather than the motion to dismiss stage; it therefore had a more complete evidentiary record before it when it decided the jurisdictional issue. Finally, Sorrentino was decided by the Tenth Circuit and might have been decided differently under this circuit's precedents. The dissenting judge in Sorrentino specifically highlighted the similarities between the taxpayers' evidence in that case and the evidence that the Ninth Circuit found sufficient in Anderson. See Sorrentino, 383 F.3d at 1198 (Seymour, J., dissenting) ("I question why [the taxpayer's evidence in Anderson] is substantially more convincing than that presented by the Sorrentinos, including the sworn testimony of Mr.

8

and Mrs. Sorrentino that they signed the return in early March, the sworn testimony of Mr. Sorrentino that he mailed the return in early March, and a copy of the return dated March 1, 1998."). For all of these reasons, Sorrentino does not support dismissal of Plaintiff's claims here.

II. Motion to Seal

A. Legal Standard

The public interest favors filing all court documents in the public record. Thus, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a).

B. Analysis

Plaintiff moves to redact certain information contained in various documents attached to his original complaint. He contends that this information is sealable pursuant to Federal Rule of Civil Procedure 5.2. That rule provides that

> in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number.

9

Fed. R. Civ. P. 5.2.

After reviewing the documents attached to Plaintiff's original complaint, the Court finds that all of this information has already been properly redacted. The pages of these documents that Plaintiff has identified in his reply brief do not contain any information sealable under Rule 5.2. Because Plaintiff has not identified any other grounds for sealing this information, his request to redact information contained in the attachments to his original complaint must be denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 11) and Plaintiff's motion to seal (Docket No. 10) are DENIED.

Defendant shall file its answer to Plaintiff's 1AC within fourteen days of this order. A case management conference will be held at 2:00 p.m. on July 2, 2014 in courtroom 2 of the Oakland federal courthouse, located at 1301 Clay Street.

The Court refers Plaintiff to its handbook for pro se litigants, which is available online at: http://www.cand.uscourts.gov/prosehandbook. Plaintiff may also consult the Legal Help Center, located on the fourth floor of the Oakland federal courthouse in Room 470S, for further advice. Appointments with the Legal Help Center may be made in person or by phone at 415-782-8982.

IT IS SO ORDERED.

Dated: 6/10/2014

CLAUDIA WILKEN
United States District Judge

10